# Williamsport National Bank v. Allen

*Christine Fuhrman*, for plaintiff.
*Joseph DeChristopher*, for defendants.

RAUP, *P.J.*, April 13, 1989 — At issue before the court are the claims for exemption filed by each of the two defendants. Defendants are husband and wife. The execution proceeding involves an effort by the Williamsport National Bank to recover a deficiency which has resulted after the repossession of a vehicle. Both husband and wife are debtors and each has filed a claim for a $300 exemption, the wife, Maxine E. Allen claiming a 1969 Chevrolet pickup and a Panasonic portable TV (the Chevrolet pickup being apparently registered in her name) and the husband claiming a stove, refrigerator, C.B. radio, table and chairs and VCR. The bank has not raised an issue as to whether the value of the claimed exemptions exceeds $300, but rather raises the single issue as to whether husband and wife are entitled to a single $300 exemption, or whether each is entitled to a $300 exemption.

The Judicial Code, Act of July 9, 1976, P.L. 586, §2 as amended, December 20, 1982, P.L. 1409, Art. II, §201; 42 Pa.C.S. §8123 provides in pertinent part:

"In addition to any other properties specifically exempted by this subchapter, property of the judgment debtor to the value of $300 shall be exempt from attachment or execution on a judgment."

The Williamsport National Bank relies upon the York County Common Pleas decision in *Waltz v. Zimmerman,* 38 D.&C. 3d 211 (1985). In that decision, the court held that property held by the defendants as tenants by the entirety was not subject to separate claims for exemption and the court allowed a single joint exemption of $300 against their joint properties.

In this case, there is an allegation that the 1969 Chevrolet pickup was owned separately by the wife. In any event, however, we are not persuaded by the logic of the York County decision. Just as the creditor bank would be able to proceed against the individual property of either husband or wife, so we feel that either husband or wife is a "debtor" within the meaning of the above-quoted section. Each should be entitled to the full $300 exemption. Accordingly, the following order is entered.

## ORDER

And now, April 13, 1989, for the reasons stated above, it is ordered and directed that the Williamsport National Bank's objection to the separate claims of exemption is denied.